IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Madison Chiropractic & Nutrition Center, LLC<br>EIN: xx-xxx0856 | ) ) ) ) | Case No.: 18-82075-CRJ-11 |
| Debtor. | ) | CHAPTER 11 |

**DEBTOR'S BRIEF IN SUPPORT OF CONFIRMING
DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

COMES NOW Madison Chiropractic & Nutrition Center, LLC, as Debtor-in-possession (the "Debtor"), and files this legal brief in support of confirming its Amended Plan of Reorganization (Doc. 66) (the "Plan") filed by the Debtor on February 27, 2019.

**STATEMENT OF RELEVANT FACTS**

1. The record reflects that a copy of the Debtor's Plan was properly served upon the creditors and parties of interest and that due notice of the confirmation hearing was sent to all interested parties in accordance with Rule 2002 of the *Federal Rules of Bankruptcy Procedure*.

2. The Debtor's Plan, as amended, classifies claims as follows:

| Class Numbers | Class Descriptions | Impaired Status |
|---|---|---|
| 1 | Secured Claim of ADOR | Impaired. |
| 2 | Priority Tax Claims | Impaired. |
| 3 | De Minimis Claims | Impaired. |
| 4 | General Unsecured Claims | Impaired. |
| 5 | Equity Security Holders | Impaired. |

3. The Debtor filed a report on creditors' ballots contemporaneous to the filing of this brief stating for the record that the Plan carried one (1) class with 100% of the votes cast in that class accepting the Plan. No creditors voted against the Plan.

**STATEMENT OF LEGAL REQUIREMENTS ADDRESSED BY THE PLAN**

4. The Plan complies with all applicable provisions of the Bankruptcy Code governing notice, disclosure, and solicitation in connection with the Plan, Disclosure Statement and all other

matters to be considered by this Court in connection with this case, thereby satisfying 11 U.S.C. § 1129(a)(1). The Debtor will testify that the Plan provides adequate means for its implementation, through among other things, vesting or re-vesting property of the estate in the Debtor, providing that the Debtor will continue its operations after the effective date of the plan free of any restrictions of the Bankruptcy Code, and providing an adequate means for the Debtor to fund the Plan.

5. The Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2). Solicitation of ballots from holders of Claims were made following approval and dissemination of the Disclosure Statement to holders of Claims in Classes that are impaired under the Plan and were made in good faith and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules. The ballots of holders of claims entitled to vote on the Plan were properly solicited and tabulated. Based upon the foregoing and the record in this case, the Plan satisfies the requirements of c§ 1129(a)(2).

6. Section 1123(a)(3) of the Bankruptcy Code requires that a Plan be proposed in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court may examine the totality of the circumstances surrounding the formulation of the Plan. This Plan is based on arms-length negotiations among the representatives of the Debtor's creditors. Further, no evidence has been presented to this Court to suggest that the Plan is not proposed in good faith. Thus, it is appropriate for the Court to find that the Plan has been proposed in good faith and not by any means forbidden by law.

7. Any payment made or to be made by the Debtor, or by any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Chapter 11 case, or in connection with the Plan and incidental to the case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

8. As proponent of the Plan, the Debtor, has complied with the requirements of 11 U.S.C. § 1129(a)(5). The Debtor's current management are the only decision-makers in the business, and there are no other individuals proposed to serve as officers and directors of the Debtor's business after the Plan is confirmed.

9. Section 1129(a)(6) of the Bankruptcy Code requires a Debtor to obtain the approval of any governmental regulatory commission with jurisdiction over the Debtor with respect to any rate changes provided for in the Plan. The Debtor is not subject to any governmental regulatory commission

with jurisdiction, after confirmation of the Plan, over the rates of the Debtor. Thus, 11 U.S.C. 1129(a)(6) is not applicable in this case.

10. Each holder of a claim or interest in an impaired class will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, which is not less than the amount that such holder would receive or retain if the Debtor liquidated under Chapter 7 of the Bankruptcy Code on such date. Thus, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(7).

11. With respect to each class of claims or interest of the Debtor, the Plan has been accepted by the sole voting creditor with no creditors voting against the Plan or filing an objection to confirmation. 11 U.S.C. § 1129(a)(8) is satisfied.

12. Except to the extent that a holder of a particular claim has agreed to a different treatment of such claim, the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

13. With respect to each class of claims or interest of the Debtor, at least one class of claims that is impaired under the plan has accepted the plan, which is determined without including any acceptance of the Plan by any insider. Thus, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(10).

14. The Debtor's Plan calls for a structured payment plan to satisfied approved creditor claims; in the Debtor's opinion consummation of the Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtor. The Debtor has successfully operated during the pendency of this Chapter 11 case.

The federal courts have stated that to be feasible pursuant to § 1129(a)(11), "[t]he plan does not need to guarantee success, but it must present reasonable assurance of success." *In re Made in Detroit, Inc.,* 299 B.R. 170, 176 (Bankr. E.D. Mich. 2003) (citing *Kane v. Johns–Manville Corp.,* 843 F.2d 636, 649 (2nd Cir. 1988)), *aff'd,* 414 F.3d 576 (6th Cir. 2005). "The Code does not require the debtor to prove that success is inevitable, and a relatively low threshold of proof will satisfy § 1129(a)(11) so long as adequate evidence supports a finding of feasibility." 7 *Collier on Bankruptcy* ¶ 1129.03[11] (15th ed. rev.2006) (quoting *Computer Task Group, Inc. v. Brotby (In re Brotby),* 303 B.R. 177, 191 (9th Cir. BAP 2003)). The Debtor is prepared to provide additional testimony at this Court's confirmation hearing of their Plan to support a finding in favor of 11 U.S.C. § 1129(a)(11). Accordingly, the Debtor's Plan satisfies what is often referred to as the "feasibility" requirement of 11 U.S.C. § 1129(a)(11).

15. The Debtor will testify that it is current on all payments to the Bankruptcy Administrator. The Debtor intends to pay any and all additional fees payable to the Office of the Bankruptcy Administrator as and when due and payable. This testimony will establish that Section 1129(a)(12) of the Bankruptcy Code is satisfied.

16. The Debtor did not, prior to or after his Chapter 11 filing, provide any retiree benefits to any employees subject to 11 U.S.C. § 1114. Thus, 11 U.S.C. § 1129(a)(13) is not applicable.

17. The Debtor has no domestic support obligations to which 11 U.S.C. § 1129(a)(14) would apply.

18. The Debtor is not an individual and so 11 U.S.C. § 1129(a)(15) does not apply.

19. The Debtor is not "a corporation or trust that is a moneyed, business, or commercial corporation or trust." 11 U.S.C. § 1129(a)(16) does not apply.

20. The requirements of 11 U.S.C § 1129(b) do not apply because no impaired class of creditors voted against confirmation of the Debtor's Plan.

## CONCLUSION

WHEREFORE, premises considered, Madison Chiropractic and Nutrition Center, LLC prays that this Court will enter an Order: confirming its Amended Plan of Reorganization; and granting such further relief as the Court deems just and proper.

Respectfully submitted this 8th day of April, 2019.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys to Chapter 11 Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
ty@ssmattorneys.com

# CERTIFICATE OF SERVICE

This is to certify that I have this the 8th day of April, 2019 served the foregoing document upon all addressees on the Clerk's Mailing Matrix in this case, Richard M. Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35062 by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV